## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TRACY GERARD ALLEN, # 129732,** : | |
|     **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 09-0137-CG-C** |
| **DR. BARNES,** : | |
|     **Defendant.** : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, plaintiff previously had more than three actions that were dismissed as frivolous.[1]

Furthermore, the present complaint (Doc. 1) does not indicate that at the time of filing plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face

---

[1] The following actions of plaintiff were dismissed as frivolous: *Allen v. Jones, et al.,* CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); *Allen v. Edwards, et al.,* CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); *Allen v. Carver, et al.,* CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); *Allen v. White, et al.,* CA 90-0561 (N.D. Ala. June 28, 1990); *Allen v. Patterson,* CA 90-0562 (N.D. Ala. June 26, 1990); *Allen v. State of Alabama,* CA 90-1100 (N.D. Ala. Aug. 21, 1990); *Allen v. Hunt, et al.,* CA 90-1101 (N.D. Ala. Aug. 21, 1990); *Allen v. Norman,* CA 91-0153 (N.D. Ala. May 29, 1991); *Allen v. Allen, et al.,* CA 91-1705 (N.D. Ala. Nov. 26, 1991); *Allen v. Hunt, et al.,* CA 91-1708 (N.D. Ala. Nov. 27, 1991); *Allen v. White, et al.,* CA 91-1935 (N.D. Ala. Feb. 3, 1992); *Allen v. Thigpen, et al.,* CA 91-2021 (N.D. Ala. Jan. 30, 1992); *Allen v. Battles, et al.,* CA 91-2476 (N.D. Ala. Apr. 17, 1992); *Allen v. Thigpen,* CA 92-1623 (N.D. Ala. Nov. 29, 1993); *Allen v. Chaplain,* CA 93-119 (N.D. Ala. Sept. 13, 1993); *Allen v. Nagle,* CA 93-897 (N.D. Ala. Sept. 1, 1993); *Allen v. Blankenship,* CA 93-1193 (N.D. Ala. Sept. 15, 1993); *Allen v. Martin*, CA 93-1801 (N.D. Ala. Mar. 2, 1994); *Allen v. Burton, et al.,* CA 93-1808 (N.D. Ala. Mar. 2, 1994); *Allen v. USPS,* CA 93-1834 (N.D. Ala. Mar. 2, 1994); *Allen v. Tucker,* CA 93-1929 (N.D. Ala. Dec. 28, 1993); *Allen v. Champale,* CA 93-1931 (N.D. Ala. Dec. 27, 1993); *Allen v. USPS,* CA 93-1932 (N.D. Ala. Dec. 28, 1993); *Allen v. Folsom, et al.,* CA 93-2229 (N.D. Ala. Apr. 1, 1994); *Allen v. State of Alabama*, CA 93-2272 (N.D. Ala. Apr. 4, 1994); *Allen v. Nagle,* CA 93-2350 (N.D. Ala. Mar. 31, 1994); *Allen v. Nagle, et al.,* CA 93-2399 (N.D. Ala. Apr. 1, 1994); *Allen v. DeLoach, et al.,* CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); *Allen v. Harrelson, et al.,* CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); *Allen v. Folsom, et al.,* CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); *Allen v. Dr. Thomas, et al.,* CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); *Allen v. Jones, et al.,* CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); *Allen v. Jones, et al.,* CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); *Allen v. Folsom, et al.,* CA 94-A-0684-N (M.D. Ala. June 28, 1994); *Allen v. Folsom, et al.,* CA 94-A-0691-N (M.D. Ala. June 28, 1994); *Allen v. Allen, et al.,* CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); *Allen v. Harrelson, et al.,* CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and *Allen v. Naile, et al.,* CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  Plaintiff's present action was filed on or about March 12, 2009.[2]  (Doc. 1). However, the allegations do not indicate that near that date plaintiff was under imminent danger of serious physical danger.

Plaintiff's present claim is for inadequate medical treatment for one of his injuries that he sustained when he was stabbed by another inmate on April 13, 2008 at Holman Correctional Facility ("Holman").  Previously, plaintiff filed actions arising from this stabbing incident.  In *Allen v. Moody, et al.,* CA 08-0227-WS-B, plaintiff filed an action near the date of the incident complaining about the lack of security which caused his injuries and stating that his life continued to be in danger because he still was being handcuffed.  Plaintiff paid the $350 filing fee and the action is proceeding with defendants having filed their special report.  In another action, *Allen v. Doctor Barnes,* CA 08-0322-WS-M, plaintiff filed a complaint on June 6, 2008 complaining about receiving inadequate medical treatment from Dr. Barnes (who is also the present defendant) on May 7, 2008 for his injuries sustained on April 13, 2008.  This action is also proceeding with defendant having filed a special report and answer so the Court can determine whether the action should be precluded by 28 U.S.C. § 1915(g).  (Doc. 3). Two other action based on the stabbing incident were filed by plaintiff: *Allen v. Moody, et al.,* CA 08-0255-CG-M (S.D. Ala. Sept. 9, 2008), and *Allen v. Dr. T.J,*, CA 08-0597-WS-

---

[2]The envelope containing the complaint was postmarked March 12, 2009.  (Doc. 1 at 7).

B (S.D. Ala. Jan. 5, 2009). These two actions were dismissed pursuant to 28 U.S.C. § 1915(g).

In the present complaint plaintiff identifies April 15, 2008 at 8:00 a.m. as the date and time of the complained of incident which occurred in the Holman Infirmary. (Doc. 1 at 3 & 4)). In his specific claim against Dr. Barnes, plaintiff states: "April 15th 8:00am deliberate indifference to serious medical needs of prisoner constitute the unnecessary and wanton infliction of pain proscribed by the eighth amendment." (*Id.* at 4).

Based on plaintiff's general description of his claim, the events that appear near April 15 concern plaintiff being released from the infirmary to his cell when he was in serious, but stable, condition. (*Id.* at 3). Prior to his confinement in the infirmary for the stabbing wounds, plaintiff had been taken immediately after the stabbing on April 13, 2008 to Atmore Community Hospital for his wounds, and then he was transferred to the University of South Alabama ("USA") where he was placed in the intensive care unit for nine hours, and then he was returned to Holman. (*Id.*).

When plaintiff was released to his cell, his arm was swollen and Dr. Barnes indicated that it should be because he had been stabbed fourteen times. (*Id.*). At about 1 p.m. plaintiff was in pain and received a Lortab, or a portion of Lortab, which had been prescribed by a USA doctor. (*Id.*). Dr. Barnes then told plaintiff that he needed an x-ray. (*Id.*). Plaintiff said that he needed to see a neurologist. (*Id.*). Plaintiff received an x-ray on April 17, 2008. (*Id.*). Then on July 7, 2008 plaintiff was seen by a neurologist after he had a man-to-man talk with Dr. Barnes. (*Id.*). The neurologist diagnosed him with CTS

(carpal tunnel syndrome) and "ulnor tardy palsy" and recommended surgery and a vitamin. (*Id.* at 4). Plaintiff continued to sign up for sick call, and on September 25, 2008, he was taken to another neurologist in Mobile who said that he could not do anything until he saw the report from the first neurologist. (*Id.*). On February 1, 2009, plaintiff was seen by two other doctors who read the first neurologist's report and said that surgery would be performed. (*Id.*). Plaintiff said that before surgery is done he wanted another EMG and shock treatment to see if he still needed surgery. (*Id.*). On February 12, 2009, plaintiff had the test at Mobile Infirmary. (*Id.*). It indicated the same thing - he did not need surgery - and the problem from his elbow to neck was caused by him sleeping on it. (*Id.*). On February 1, 2009, Dr. Meyers, one of the last doctors, ordered an elbow brace for plaintiff, which he has not received. (*Id.*). Plaintiff was told that if his condition continued to bother him, he should return. (*Id.*). Plaintiff complains that "it go num when Im sleeping and it pain." (*Id.*).

The filing of the present complaint occurred almost eleven months after April 15, 2008. Thus, the complained of situation is not immediate. Furthermore, no injury resulted from the transfer from the infirmary to the cell. Based on plaintiff's allegations, it appears that he has been receiving treatment for his injuries. Plaintiff is in a similar position as one who is receiving medical treatment for injuries sustained in an automobile accident in that the outcome from medical treatment is not known and the injured party may not be restored to the precise condition that he had before being injured.

Because plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the

5

$350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 13th day of April, 2009.

　　　s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                           s/WILLIAM E. CASSADY
                                                           UNITED STATES MAGISTRATE JUDGE